

Forrest M. "Teo" Seger III
T (210) 250-6162
F (210) 258-2752
Email: TSeger@ClarkHill.com

Clark Hill
2301 Broadway Street
San Antonio, TX 78215
T (210) 250-6000
F (210) 250-6100

December 22, 2025

**Via ECF**

The Honorable George C. Hanks, Jr.
United States District Court, Southern District of Texas
515 Rusk Street, Room 6202
Houston, Texas 77002

      Re:    Case No. 4:25-cv-05238; *Clifton Cook v. Equifax Information Services, LLC*

Your Honor:

      This Firm represents Defendant Equifax Information Services LLC ("Equifax") in the above-referenced action. Equifax submits this letter in accordance with 6(B)(i) of Your Honor's Individual Practices and Rules, requesting a pre-motion conference in connection with a motion to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

      In its motion, Equifax will argue that Plaintiff has failed to state a claim for which relief may be granted, because: (1) Plaintiff has not alleged a specific factual inaccuracy in Equifax's reporting, which is a threshold matter in FCRA cases; (2) Alleged inaccuracies in contact or header information are not actionable under the FCRA; and (3) Plaintiff has not alleged that Equifax published inaccurate information to a third party and thus does not have Article III standing.

## Legal Standard

      A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' ... Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555. Indeed, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss. *Ashcroft*, 556 U.S. at 678.

## Plaintiff's Claims Do Not Involve Information Bearing on "Creditworthiness"

      The FCRA, specifically 15 U.S.C. § 1681g, requires consumer reporting agencies ("CRAs"), such as Equifax, to disclose certain information in a consumer's file upon a consumer's request. A credit "file" for purposes of § 1681g means "information included **in a consumer report**," but does not include every piece of information that a consumer reporting agency has on

a consumer. *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 910 (7th Cir. 2007) (emphasis supplied); *Wimberly v. Experian Info. Sols., Inc.*, 2019 U.S. Dist. LEXIS 218104, at *24 (S.D.N.Y. Dec. 17, 2019) (discussing the expansive and narrow definitions of "file" and expanding *Gillespie*, holding that internal record relating to a CRA's processing of information are not a part of the "file"); *see also Shaw v. Experian Info. Solutions, Inc.*, 891 F.3d 749, 761 (9th Cir. 2018). The FCRA defines the term "consumer report" to mean "any written, oral, or other communication of any information by a consumer reporting agency **bearing on a consumer's credit worthiness** . . . which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit." 15 U.S.C. § 1681a(d)(1)(A))(emphasis supplied). Information that does not bear on a consumer's creditworthiness is not actionable under the FCRA. *See e.g.*, *Heagerty v. Equifax Info. Servs. LLC*, 447 F. Supp. 3d 1328, 1339 (N.D. Ga. 2020) (holding that data bearing on a consumer's creditworthiness constituted a "consumer report" under the FCRA).

In the instant matter, Plaintiff first alleges that Equifax somehow violated the FCRA by "omit[ing] full [a]ccount [n]umbers" in a consumer file it sent to the Plaintiff. *See* ECF No. 1 ¶ 12. These claims are meritless. One district court has found that in some situations scrambling or truncating a consumer's account number is reasonable as a matter of law. *Whitaker v. Trans Union Corp.*, No. CV 03-2551-GTV, 2005 WL 8160827, at *20 (D. Kan. Feb. 3, 2005) ("the court determines that, as a matter of law, scrambling or truncating a consumer's account number is a reasonable procedure to protect the consumer's information from potential identity theft. The possibility of holding a credit reporting agency liable for reporting a scrambled or truncated account number that a creditor furnished would lead to absurd results …"). And another district recently specifically found this applies to redacting account numbers. *Walker v. Equifax*, No. 1:21-CV-01045-ELR, 2024 U.S. Dist. LEXIS 210523, at *16 (N.D. Ga. Sep. 23, 2024) ("Plaintiff offered no evidence that his credit report actually contained inaccurate or incomplete information … regarding the disputed accounts … because the account numbers on his credit report simply were not listed in full") (cleaned up).

While maintaining that truncating account numbers is a reasonable policy, Equifax requests dismissal of Plaintiff's claims because under the FCRA, to qualify as a consumer report, the information contained therein **must bear on an individual's <u>creditworthiness</u>**, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living. 15 U.S.C. §1681a (emphasis added.) The missing digits of truncated account numbers do not qualify as information that bears any impact on the aforementioned. *See Whitaker v. Trans Union Corp.*, No. 03-2551-GTV, 2005 U.S. Dist. LEXIS 51531, at *61 (D. Kan. Feb. 3, 2005); *Walker v. Equifax Info. Sols., LLC*, No. 1:21-CV-01045-ELR, 2024 U.S. Dist. LEXIS 210523, at *16 (N.D. Ga. Sep. 23, 2024). Notably, while Plaintiff alleges that the account numbers were truncated, he does not allege that other unique information was omitted that could have helped him identify the accounts such as account name, scheduled payment amount, status, account type, credit limit, and balance. *See* ECF No. 1 generally.

Next, Plaintiff alleges that the disclosure that Equifax undisputedly provided was "[m]issing [a]ccount [i]nformation and [p]ayment [h]istory" on some accounts contained in his credit file. *See* ECF No. 1, ¶ 12. This allegation is similarly meritless since "completeness of data" (e.g., payment history and date of last activity) in a consumer's credit file does not bear on a consumer's creditworthiness. *See Harris v. Trans Union LLC*, No. 1:25-cv-192-MLB-JKL, 2025

U.S. Dist. LEXIS 98701*, at *19 (N.D. Ga. May 23, 2025) (rejecting Plaintiff's FCRA claims premised on omission of a full payment history, finding "the lack of a comprehensive account or payment history is of no matter when the report, viewed as a whole, does not mislead the user about the status of the account."). Thus, Plaintiff's Complaint should be dismissed.

### **Plaintiff's Willfulness Claim Fails as a Matter of Law.**

Even if the Court considers Plaintiff's willfulness claim, it fails as a matter of law because Plaintiff has not, and cannot, plead the required elements of a willfulness claim. Under such circumstances, willfulness claims may be properly dismissed on a 12(b)(6) or 12(c) motion. *See Pedro v. Equifax, Inc*., 868 F.3d 1275, 1282-83 (11th Cir. 2017). "Willfully" means either knowingly or with reckless disregard. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 58–59 (2007). To state a willfulness claim, Plaintiff must allege: (1) that Equifax had a practice or policy that was objectively unreasonable in light of the FCRA's statutory language; and (2) how Equifax ran a risk of violating the FCRA that was substantially greater than the risk associated with a reading that was merely careless. *Id*.; *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1318 (11th Cir. 2009).

Here, Plaintiff has unequivocally failed to plead his willfulness claim. Plaintiff must show that Equifax acted in a manner that made it highly probable harm would follow. *Safeco Ins. Co*., 551 U.S. at 69. Where the statutory text and authoritative guidance allow for more than one reasonable interpretation, a defendant merely adopting one such interpretation cannot be found to have willfully violated the FCRA. *Id*. at 70 n.20. A CRA's interpretation of its obligations under the FCRA can be erroneous and still not be considered willful. *Id*. at 69–70. Stated another way, an interpretation that favors the agency must be "objectively unreasonable" under either the text of the Act or guidance from a court of appeals or regulatory authority that might have warned a defendant away from the view it took. *Levine*, 554 F.3d at 1318. Plaintiff has failed to identify a single practice or policy of Equifax that is objectively unreasonable. *See* ECF. No 1 generally. He merely argues, in general vagaries and conclusory statements, that Equifax's violations of the FCRA were "intentional." ECF. No 1, ¶ 42. In this case, Plaintiff has not, and cannot, plead the required elements of a willfulness claim.

### **Plaintiff does not have Article III standing**

For a plaintiff to have Article III standing in the FCRA context, they must allege that a consumer reporting agency published inaccurate information about a consumer to a third party. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 434, 141 S. Ct. 2190, 2209 (2021). By now, it is well established that "a bare procedural violation," including of the FCRA, "divorced from any concrete harm," fails to "satisfy the injury-in-fact requirement of Article III." *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016); see also *Ramirez*, 594 U.S., at 441.

Here, Plaintiff has not alleged that Equifax ever sent a consumer report with inaccurate information to a third party. Rather, Plaintiff's Complaint only includes the insufficient allegation that "[t]he lack of accurate, full account numbers, missing account information and payment history caused [Plaintiff] great frustration and emotional distress when trying to understand his credit report and verify it against his own records." ECF No. 1, ¶ 31. As such, Plaintiff has not pleaded that he has Article III standing, and his Complaint should be dismissed.

          Respectfully submitted,

          By:  */s/Forrest M. "Teo" Seger III*
               Forrest M. "Teo" Seger III
               Texas Bar No. 24070587
               Southern District Bar No. 125540
               TSeger@clarkhill.com
               CLARK HILL PLC
               2301 Broadway St.
               San Antonio, Texas 78215
               (210) 250-6000
               (210) 250-6100 (Fax)

***Attorney for Defendant,***
***Equifax Information Services LLC***

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Pro Se Plaintiff via email on December 17, 2025 and December 19, 2025 regarding the requested relief, and he is opposed.

          */s/ Forrest M. "Teo" Seger III*
          Forrest M. "Teo" Seger III

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2025, a true and correct copy of the foregoing *Defendant Equifax Information Services LLC's Pre-Motion Letter* was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

I further certify that on December 22, 2025, a true and correct copy of the foregoing *Defendant Equifax Information Services LLC's Pre-Motion Letter* was served on the Pro Se Plaintiff, via United States Mail, first class postage prepaid, and electronic mail, to the respective addresses set forth below:

    Clifton Cook          Kenny@htxcredit.com
    4219 Texana
    Baytown Texas 77523
    *Pro Se Plaintiff*

          */s/ Forrest M. "Teo" Seger III*
          Forrest M. "Teo" Seger III