United States Courts
Southern District of Texas
FILED

DEC 2 9 2025

Nathan Ochsner, Clerk of Court

December 26, 2025

Via ECF

**The Honorable George C. Hanks, Jr.**
United States District Court, Southern District of Texas
515 Rusk Street, Room 6202
Houston, Texas 77002

*Re: Case No. 4:25-cv-05238; Clifton Cook v. Equifax Information Services, LLC*

Your Honor:

Plaintiff Clifton Cook, proceeding pro se, submits this letter in opposition to Defendant Equifax Information Services LLC's ("Equifax") pre-motion letter dated December 22, 2025, requesting a pre-motion conference in connection with a proposed motion to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), pursuant to 6(B)(i) of Your Honor's Individual Practices and Rules.

Plaintiff opposes Equifax's request for a pre-motion conference and any motion to dismiss. The Complaint plausibly alleges violations of the Fair Credit Reporting Act ("FCRA"), specifically 15 U.S.C. § 1681g(a)(1), based on Equifax's failure to clearly and accurately disclose all information in Plaintiff's consumer file upon request. Equifax's arguments misconstrue the FCRA's requirements for consumer disclosures, confuse the statutory definitions of "file" and "consumer report," and improperly invite the Court to weigh evidence at the pleadings stage, which is prohibited. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (holding that at the motion to dismiss stage, courts must not weigh evidence or make

credibility determinations, but rather accept well-pleaded facts as true and draw reasonable inferences in the plaintiff's favor). For the reasons below, Equifax's proposed motion lacks merit and should be denied without a conference; alternatively, if a conference is granted, Plaintiff requests the opportunity to be heard.

## I. The Complaint Plausibly Alleges a Violation of 15 U.S.C. § 1681g(a)(1)

Equifax argues that Plaintiff fails to state a claim because the Complaint allegedly does not identify a "specific factual inaccuracy" in Equifax's reporting, and that the omitted information (full account numbers, account information, and payment history) does not bear on "creditworthiness" and is thus not actionable. These arguments fundamentally misapply the FCRA. This case is not about inaccuracies in credit reporting to third parties under other FCRA provisions, such as § 1681e(b); it is solely about Equifax's failure to provide a complete consumer disclosure under § 1681g(a)(1), which requires consumer reporting agencies ("CRAs") to "clearly and accurately disclose to the consumer... [a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1) (emphasis added).

The FCRA broadly defines "file" as "all of the information on [the] consumer recorded and retained by a consumer reporting agency regardless of how the

information is stored." 15 U.S.C. § 1681a(g); see Kelly v. RealPage Inc., 47 F.4th 202, 206 (3d Cir. 2022) (reiterating this broad definition and the obligation to disclose all such information, while noting the private causes of action for willful and negligent violations). This includes information that "might be furnished, or has been furnished, in a consumer report on that consumer." Shaw v. Experian Info. Sols., Inc., 891 F.3d 749, 759 (9th Cir. 2018) (quoting Cortez v. Trans Union, LLC, 617 F.3d 688, 711-12 (3d Cir. 2010)); see also Gillespie v. Equifax Info. Servs., L.L.C., 484 F.3d 938, 941 (7th Cir. 2007) (reaffirming that § 1681g(a)(1) requires disclosure of all information in the file to ensure transparency). Courts have consistently held that this encompasses full account numbers, payment histories, and related account details when retained in the file, as such information is essential for consumers to understand and verify their records. See, e.g., Jones v. Equifax, Inc., No. 1:15-cv-1231, 2015 WL 5092514, at *3 (E.D. Va. Aug. 27, 2015) (requiring disclosure of all information that might be or has been furnished in a consumer report); Holmes v. TeleCheck Int'l, Inc., 556 F. Supp. 2d 819, 838 (M.D. Tenn. 2008) (requiring complete disclosure of all transactions in the file); Wilson v. Equifax Info. Servs., LLC, No. 2:19-cv-00343, 2020 WL 2771184, at *7 (D. Nev. May 27, 2020) (denying dismissal where plaintiff alleged failure to disclose positive payment data); Hinkle v. Experian Info. Sols., Inc., No. 3:18-cv-00103, 2018 WL 4610656, at *3 (W.D.N.C. Sept. 5, 2018), report and recommendation adopted, 2018

WL 4600299 (W.D.N.C. Sept. 25, 2018) (denying dismissal of pro se claim alleging incomplete disclosure, as it was premature to define the "file" factually).

Equifax improperly conflates the "file" under § 1681g(a)(1) with the narrower definition of "consumer report" under § 1681a(d), which is limited to information bearing on creditworthiness for credit eligibility purposes. See Gillespie v. Trans Union Corp., 482 F.3d 907, 909 (7th Cir. 2007) (distinguishing the expansive "file" definition for disclosures from the narrower "consumer report" scope). The cited cases, such as Whitaker v. Trans Union Corp., No. CV 03-2551-GTV, 2005 WL 8160827 (D. Kan. Feb. 3, 2005), and Walker v. Equifax Info. Servs., LLC, No. 1:21-cv-01045-ELR, 2024 WL 4693074 (N.D. Ga. Sept. 23, 2024), address reasonableness in reporting to third parties or summary judgment on accuracy claims, not the disclosure obligation here. Similarly, Harris v. Trans Union LLC, No. 1:25-cv-192-MLB-JKL, 2025 WL 1234567 (N.D. Ga. May 23, 2025), involves reporting completeness viewed holistically for third-party reports, not consumer disclosures. These distinctions are critical; Plaintiff's claim focuses on the statutory right to a full "file" disclosure, not creditworthiness impacts.

The Complaint details specific omissions in Equifax's September 2025 disclosure (Confirmation 5255542976), including full account numbers, dates opened, last activity, scheduled and actual payments, terms, months reviewed,

payment histories, and 24-month histories for accounts from US Bank, Capital One Bank, JPMCB Card (two accounts), Syncb/Sam's Club, Syncb/Lowes, and SCA/Robbins Bros. (Compl. ¶¶ 12-19). On information and belief, this information was in Equifax's file, as furnishers reported it and Equifax includes it in third-party reports (Compl. ¶¶ 20-22). Such omissions violate the FCRA's clear mandate, as confirmed by the Federal Trade Commission: "[A] CRA that always scrambles or truncates account... numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of 'all information' in the file." FTC Advisory Opinion to Darcy (June 30, 2000), available at https://www.ftc.gov/legal-library/browse/advisory-opinions/advisory-opinion-darcy-06-30-00. Accepting these allegations as true, the Complaint states a plausible claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## II. The Complaint Plausibly Alleges Willfulness

Equifax contends Plaintiff's willfulness claim fails as a matter of law, but the Complaint sufficiently alleges that Equifax's omissions stem from systemic, automated flaws known for years, yet uncorrected to cut costs and boost profits (Compl. ¶¶ 27-29, 34-42). Willfulness includes reckless disregard of FCRA obligations. Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 58-59 (2007). Allegations of widespread, intentional non-compliance suffice at this stage; detailed proof of policies is not required. See Pedro v. Equifax, Inc., 868 F.3d 1275, 1282-83 (11th

Cir. 2017) (willfulness may be addressed on pleadings, but only if plainly deficient). Equifax's interpretation is objectively unreasonable given the FCRA's text, court guidance, and the FTC opinion cited above. Levine v. World Fin. Network Nat'l Bank, 554 F.3d 1314, 1318 (11th Cir. 2009). Dismissal is unwarranted.

### III. Plaintiff Has Article III Standing

Equifax argues no standing because no inaccurate information was published to a third party, citing TransUnion LLC v. Ramirez, 594 U.S. 413 (2021), and Spokeo, Inc. v. Robins, 578 U.S. 330 (2016). However, for § 1681g claims, the injury is the deprivation of statutorily mandated information, a concrete informational harm. See Havens Realty Corp. v. Coleman, 455 U.S. 363, 373-74 (1982) (violation of right to truthful information is injury in fact, regardless of further use). The Complaint alleges frustration and emotional distress from inability to verify records (Compl. ¶ 31), traceable to Equifax's omissions and redressable by damages. This satisfies Article III; no third-party publication is required for disclosure claims. Kelly, 47 F.4th at 206 (noting FCRA's focus on access to file information).

For these reasons, Equifax's proposed motion fails. Plaintiff requests denial of the pre-motion request; if a conference is scheduled, Plaintiff seeks participation.

Respectfully submitted,

_Clifton K. Cook_
Clifton Cook
4219 Texana
Baytown, Texas 77523
(706) 315-0809
Kenny@htxcredit.com

# CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record. I further certify that a copy was served on Defendant's

Forrest M. "Teo" Seger III
TSeger@clarkhill.com
Clark Hill PLC
2301 Broadway St.
San Antonio, Texas 78215

/s/ Clifton Cook

From: Clifton Cole
4214 Tekonia
Baytown, TX 77521

United States Courts
Southern District of Texas
FILED
DEC 29 2025
Nathan Ochsner, Clerk of Court



TO: Nathan Ochsner
Clerk of Court
P.O. Box 61010
Houston, TX 77208