UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFTON COOK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-05238 |
| | § | |
| EQUIFAX INFORMATION SERVICES, LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S**
**REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Equifax Information

Services LLC ("Equifax"), submits this Reply Brief in further support of its Motion to Dismiss

Plaintiff's Complaint.

## I.    INTRODUCTION

On February 25, 2026, Equifax filed its Motion to Dismiss Plaintiff's Complaint (the

"Motion"), based on the Fair Credit Reporting Act ("FCRA"). *See* ECF 13. As fully set forth in

the Motion, the Court should dismiss this case in its entirety because the Complaint does not

plausibly allege a violation of § 1681g under the FCRA. Plaintiff's Response to the Motion (the

"Response") does not address the deficiencies in his allegations. Because Plaintiff has not—and

cannot—cure the deficiencies to his claims, this Court should grant the Motion.

## II.    ARGUMENT

**A.    Plaintiff Fails to Address Equifax's Argument Regarding His Section 1681g Claim.**

While 15 U.S.C. § 1681g(a) provides that, upon request, a credit reporting agency is

required to disclose "[a]ll information in the consumer's file at the time of the request," courts

have interpreted "all information" to be limited to the credit report itself. The Seventh Circuit has

held that "the clear wording plus the legislative history of § 1681g(a)(1) and the commentary adopted by the Federal Trade Commission, confirm that only the information included in a consumer's credit report must be disclosed." *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 908 (7th Cir. 2007) (citing to the Senate Committee Report discussing the 1996 amendments to the FCRA, which "intend[ed] this language to ensure that a consumer will receive a copy of that consumer's report, rather than a summary of the information contained therein).

In support of his argument that Equifax violated its disclosure obligation under § 1681g, Plaintiff points to numerous out-of-circuit and nonbinding authorities,[1] including an FTC Advisory Opinion from 2000. *See* Fed. Trade Comm'n, Advisory Opinion to Darcy (June 30, 2000). ECF No. 14 at p.2-3. However, case law is clear that a disclosure under §1681g does not have to include every piece of information in a consumer's file. Courts have repeatedly found that information that does not bear on a consumer's creditworthiness is not actionable under the FCRA, such as contact and address information. In addition, at least one district court has specifically found this applies to redacting account numbers. *Walker v. Equifax Info. Sols., LLC*, No. 1:21-CV-01045-ELR, 2024 U.S. Dist. LEXIS 210523, at *16 (N.D. Ga. Sep. 23, 2024) ("Plaintiff offered no evidence that his credit report actually contained inaccurate or incomplete information … regarding the disputed accounts … because the account numbers on his credit report simply were not listed in full") (cleaned up). Further, one district court has found that in some situations scrambling or truncating a consumer's account number is reasonable as a matter of law. *Whitaker v. Trans Union Corp.*, No. 03-2551-GTV, 2005 U.S. Dist. LEXIS 51531, at *61 (D. Kan. Feb. 3,

---

[1] *See* ECF No. 14 at p. 2-3. In most of these cases, the plaintiff alleged the data furnisher gave the CRA full account numbers which the agency then truncated. *See, e.g.*, *Maude v. Equifax Info. Servs., LLC*, No. 25-CV-61421-VALLE (S.D. Fla. Nov. 18, 2025) (noting the complaint sufficiently alleges the data furnisher reported the full account numbers to the defendant); *Stafford v. Trans Union, LLC*, No. 4:25-cv-00921-JDK (E.D. Tex. Nov. 17, 2025) (same). Here, Plaintiff does not allege that US Bank, Capital One Bank USA NA, JPMCB Card Servies, Syncb/Sams Club DC Syncb/Lowes, and SCA/Robbins Bros provided Equifax with full account numbers.

286998232.v1

2005). *See Penniman v. Equifax Information Services, LLC*, No. 5:25-cv-02241, (C.D. CA December 18, 2025) ("holding that Plaintiff's claim does not state a claim upon which relief can be granted because Plaintiff's consumer file includes information that Defendant *might* [emphasis added] furnish in a consumer report).

Additionally, the blank fields Plaintiff identifies do not necessarily indicate that Equifax withheld information in violation of § 1681g. Equifax, as a CRA, does not originate the underlying data. *See Dotson v. National Consumer Telecommunications and Utility Exchange, Inc.*, No. CIV-25-1171-SLP, 2026 WL 575337, at *5 (W.D. Okla. Mar. 2, 2026) (holding that if the data furnishers only provided the CRA with truncated account numbers, the full account numbers would not have been in the CRA's file at the time of Plaintiff's request).

Similarly, while Plaintiff argues that key account information (e.g. dates opened, credit limits, payment history details) and payment history were omitted from his disclosure, he does not allege that there were any dates opened, credit limits, payment history details for Equifax to report. Rather, Plaintiff again urges the Court to infer that blank fields necessarily reflect withheld information. ECF 14 at p. 2. That inference is too speculative to state a claim. *See Frazier v. Experian Info. Sols., Inc.*, No. CV JKB-18- 0067, 2018 WL 3785131, at *6 (D. Md. Aug. 9, 2018) (granting a motion to dismiss where plaintiff's allegations that defendant "omitted substantial information" in violation of § 1681g were too speculative); *see also Heyer v. Experian Info. Sols. Inc.*, No. 19-C-15, 2019 WL 2869337, at *3 (E.D. Wis. July 3, 2019) (granting motion to dismiss where "complaint only speculates that the defendants withheld information"). As a result, Plaintiff fails to state a plausible § 1681g claim and the Complaint should be dismissed.

**B.      Plaintiff's Barebones Allegations Fail to Sufficiently Allege a Willful Violation.**

A CRA "willfully" violates the FCRA only where its "reading of the statute . . . [is] objectively unreasonable." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007). An

interpretation is objectively unreasonable only if it lacks a "foundation in the statutory text" or if "authoritative guidance . . . from the courts of appeals or the Federal Trade Commission . . . might have warned it away from" the challenged conduct. *Id.* at 69–70.

Plaintiff fails to even allege what Equifax's policy was, much less how or why it was objectively unreasonable, necessitating her willfulness claims fail as a matter of law. However, assuming he has, this cannot save his willfulness claims. Based on the case law and authority cited herein, Equifax cannot be held liable for a violation that does not exist.

Here, Plaintiff has neither alleged nor asserted any of the required elements of his willfulness claims. Further, not only has Plaintiff failed to allege that Equifax had a practice or policy that was objectively unreasonable in light of the FCRA's statutory language, but he has also failed to allege how Equifax ran a risk of violating the FCRA that was substantially greater than the risk associated with a reading that was merely careless. *Safeco*, 551 U.S. at 58–59. Such a barebones pleading cannot be deemed sufficient to sustain a willful violation. Accordingly, the Court can, and should, grant Equifax's Motion to Dismiss as to Plaintiff's willfulness claims.

<u>CONCLUSION</u>

For all of the foregoing reasons, Equifax respectfully requests that this Court grant Equifax's Motion to Dismiss and award Equifax its fees and costs incurred in defending this action, including reasonable attorneys' fees, along with such other relief as the Court deems equitable and just.

4

286998232.v1

Dated: March 17, 2026

Respectfully submitted,

By: */s/ Forrest M. "Teo" Seger III*

**FORREST M. "TEO" SEGER III**
Texas Bar No. 24070587
Southern District Bar No. 125540
TSeger@clarkhill.com
CLARK HILL PLC
2301 Broadway St.
San Antonio, Texas 78215
(210) 250-6000
(210) 250-6100 (Fax)

**ATTORNEY FOR DEFENDANT,
EQUIFAX INFORMATION SERVICES LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2026, a true and correct copy of the foregoing *Defendant Equifax Information Services LLC's Reply in Support of Its Motion to Dismiss Plaintiff's Complaint* was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

I further certify that on March 17, 2026, a true and correct copy of the foregoing *Defendant Equifax Information Services LLC's Reply in Support of Its Motion to Dismiss Plaintiff's Complaint* was served on Pro Se Plaintiff, via United States Mail, first class postage prepaid, to the following address:

Clifton Cook
4219 Texana
Baytown, TX 77523
*Pro Se Plaintiff*

*/s/ Forrest M. "Teo" Seger III*
Forrest M. "Teo" Seger III

5